UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MEQDAD S. MUSLEH
and TINTON GOURMET DELI CORP.,

                    Plaintiffs,

      -against-                                COMPLAINT

                                                      Case No.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

                    Defendants.

-------------------------------------------------------------x

       The Plaintiffs, MEQDAD S. MUSLEH and TINTON GOURMET DELI CORP., by their attorney, JESS M. BERKOWITZ, ESQ., complaining of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in the above-entitled action, respectfully allege as follows:

       1. Jurisdiction over this cause is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. §2023) and Section 279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service (7 CFR § 279.7).

       2. The Plaintiff, MEQDAD S. MUSLEH, is a resident of the County of Kings, City and State of New York.

       3. The Plaintiff, TINTON GOURMET DELI CORP. is a corporation duly licensed in the State of New York, with its principal place of business located at No. 643 Tinton Avenue, Store #1, Bronx, New York 10455 wherein it owns and operates a retail food business grocery store.

       4. The Plaintiff, MEQDAD S. MUSLEH, is the sole shareholder and officer of the

Plaintiff, TINTON GOURMET DELI CORP., wherein he has invested his life savings for the purpose of renovating said store and for the installation of furnishings, fixtures and equipment necessary for the operation of a retail grocery store.

5. After establishing this business, on or about June 26, 2016, the Plaintiff submitted an application, in July, 2016, to the United States Department of Agriculture, Food and Nutrition Service for authorization to participate as a retail owner in the Food Stamp Program/Supplemental Nutrition Assistance Program. The Plaintiff's application was approved by the Defendants in August, 2016. Prior to the incidents that gave rise to this proceeding, the Plaintiffs' performance and record in the Food Stamp Program, Supplemental Nutrition Assistance Program has been exemplary and unblemished.

6. By letter of charges, dated January 29, 2021, the Defendants informed the Plaintiffs that they were charged with violating Section 278.2(a) of Supplemental Nutrition Assistance Program (SNAP) regulations as a result of accepting Supplemental Nutrition Assistance Program Benefits in exchange for merchandise, which, in addition to eligible foods, include common non-food items on three (3) separate occasions, annexed hereto as Exhibit "A".

7. The Defendant's attached the Investigative Transaction Reports to said letter indicating that on those three (3) occasions, January 7, 2021, January 8, 2021 and January 12, 2021 ineligible items had been sold and as a result, the Plaintiffs' business was being considered for disqualification from the Supplemental Nutrition Assistance Program for a period of six (6) months, or the imposition of a civil money penalty, if applicable, in lieu of the disqualification, said Investigative Transaction Reports are annexed hereto as Exhibit "B".

8. In response to the Defendant's letter of charges, Plaintiff contacted your Declarant

herein who submitted a timely response by letter dated February 2, 2021, refuting the allegations of violations of the SNAP, requesting information pursuant to a FOIA demand contained therein and requesting the imposition of a civil money penalty in lieu of the disqualification, copy of said letter is annexed hereto as Exhibit "C".

9. By letter dated February 9, 2021, the Section Chief, Retailer Operations Division of the USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program, Sanela Ocanovic, issued a determination that the Plaintiffs should be disqualified from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of the violations set forth in the letter of charges and Transaction Reports and denied Plaintiff's request for the imposition of a civil money penalty in lieu of the disqualification, copy annexed hereto as Exhibit "D".

10. By letter dated February 12, 2021, Plaintiff, MEQDAD S. MUSLEH, through your declarant, requested an Administrative Review of the determination to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months and again requested the imposition of a civil money penalty in lieu of the disqualification, copy of said letter is annexed hereto as Exhibit "E".

11. The Defendants have now rendered a decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of alleged sales of ineligible items in exchange for Electronic Benefit Transfer Food Benefits as contained in a Final Agency Decision letter dated April 1, 2021 and refused to impose civil money penalty in lieu of the disqualification, a copy of which is annexed to the Complaint in this action as Exhibit "F". The Plaintiffs have at all times and continue to deny the allegations contained in the letter of charges

and the Transaction Reports.

12. That subsequent to each letter or decision a response or request for review was timely taken by the Plaintiffs within the Defendants' administrative framework, and the result of these appeals or reviews was to ultimately sustain and uphold the Defendants' decision to disqualify the Plaintiffs from participating in the Supplemental Assistance Program for a period of six (6) months.

13. Such determination has been made without the Plaintiffs having been afforded the opportunity to confront and examine witnesses, review unredacted information in the Defendant's reports and the investigations and documents concerning same, and receive a complete and unredacted documents pursuant to Plaintiffs' demand for same under a Freedom Of Information Act request, so they would be furnished all discovery material that form the basis of the charges lodged against said Plaintiffs so they may adequately defend themselves.

14. This is a suit for judicial review of the determination and decision of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in accordance with the provisions of Title 7 United States Code §2023 and §279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service pertaining to the Supplemental Nutrition Assistance Program.

15. The Plaintiffs categorically deny each and every charge or violation set forth by the Defendants which constitute the grounds for the Plaintiffs disqualification as participants in the Supplemental Nutrition Assistance Program for a period of six (6) months as described in the letter of charges and Transaction Reports.

16. The Defendants' decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program is arbitrary and capricious and without merit for the

following reasons:

(a) The failure of the Defendant's Investigator to obtain a positive identification during the three (3) instances wherein a clerk(s) at this owner's store is alleged to have sold the ineligible items and where the Plaintiff denies that such a person as identified in the Transaction Reports annexed hereto as Exhibits "A", "B" and "C", worked in the store on the dates and times in question.

(b) The fact that all the so-called ineligible items allegedly sold were inexpensive regular household items, based on and contained in the notations in the Investigative Transaction Report, annexed hereto as Exhibits "A", "B" and "C".

(c) The unsuccessful attempt to have the owner's employee engage in accepting SNAP benefits for cash, i.e. "trafficking" on January 14, 2021, as noted in Exhibit "D" of the Transaction Reports;

(d) The failure to provide the time spent in the store on each investigative visit, namely the time of entry and departure, deprives the Plaintiff of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough.

(e) The Plaintiffs have not been afforded an opportunity to confront and examine witnesses, particularly the Defendants' Investigators who investigated this business and charged Plaintiffs with the violations of the Supplemental Nutrition Assistance Program Regulations.

17. In addition, The Defendants have failed to consider the following factors and evidence in their decision:

(a) The Plaintiff's unblemished record as an owner participating in the Supplemental Nutrition Assistance Program.

(b) The sanction of disqualification from participation in the Supplemental Nutrition

Assistance Program for six (6) months is excessive under the circumstances herein, if, in fact, the charges lodged against the Plaintiff are sustained.

(c) That according to Defendant's own records, ineligible items were sold only three (3) times within a one (1) week period and were of negligible value and negligible profit.

18. It is submitted that the redactions in the Transaction Reports and Defendant's failure to reveal the entry and departure time is designed to avoid the necessary disclosure of the period of the time the investigator spent in the store, and the true identification of the clerk since the store records would reveal who was working at the time each investigation was conducted.

19. Where the nature and total cost of the alleged common ineligible non-food items purchased are as follows:

1. On January 7, 2021, two (2) Boxes of "Red & White" Flap Ties Tall Kitchen Bags Blue 13 Gallon (15 ct each), no price indicated, as noted in Exhibit "A";

2. On January 8, 2021, two (2) Rolls of "Marcal" Pride Bathroom Tissue One-Ply (1000 Sheets Per Roll each), no price indicated, as noted in Exhibit "B"; and

3. On January 10, 2021, one (1) Roll of "Marcal" Pride Bathroom Tissue One-Ply (1000 Sheets), no price indicated and one (1) Box of "SCJohnson" Ziploc seal top bags (40 ct), no price indicated, as noted in Exhibit "C".

and are of such an insignificant amount where no price is indicated, the penalty is excessive.

20. It is further submitted that such failed attempts and the incomplete and ambiguous Transaction Reports must weigh heavily in favor in the Plaintiffs. Furthermore, it is inconceivable and unreasonable to believe that this owner would jeopardize a solvent and successful business and the source of his livelihood for the meager sum earned by the sale of these ineligible items.

21. That to disqualify this owner for a six (6) month period, merely due to alleged "carelessness and poor supervision" will result in irreparable injury and damage to this Plaintiffs if this disqualification is imposed.

22. The Defendants' decision to disqualify the Plaintiffs from the Supplemental Nutrition Assistance Program is arbitrary and capricious and is in violation of the Defendants' own Regulations.

23. The Plaintiffs have exhausted all administrative remedies herein.

WHEREFORE, the Plaintiffs' respectfully requests this Court to review and set aside the decision and determination of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE to disqualify this Plaintiff from the Supplemental Nutrition Assistance Program for six (6) months and for such other and further relief as to this Court may be just and proper.

Dated: New York, New York
April 20, 2021

JESS M. BERKOWITZ (JMB3316)
Attorney for Plaintiffs
Office & P.O. Address
401 Broadway, Room 806
New York, New York 10013
(917) 733-7701